**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA ROCIO CASO FLORES DE ARAUJO,

Petitioner,

v.

CHRISTOPHER LAROSE, in his official capacity, Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26cv4649 DMS (GC)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse.

Petitioner is a native and citizen of Peru. (Pet. at 2.) It appears Petitioner first entered the United States on December 9, 2022. (Return, Ex. 1.) Petitioner was processed by Border Patrol officials at that time, and then released because the Central Processing Center was at capacity. (*Id.*) Thereafter, Petitioner filed a timely application for asylum. (Pet. at 4.) It appears Petitioner complied with the terms of their release, but on September 12, 2025, they were re-detained at a scheduled check-in with Immigration and Customs Enforcement ("ICE"). (Return, Ex. 2.) Thereafter, Petitioner was transferred from Texas to California and served with a Notice to Appear. (Return, Ex. 3.) It is unclear whether

Petitioner had a merits hearing before an immigration judge, but on February 18, 2026, an immigration judge issued an order granting the Government's motion to pretermit Petitioner's asylum application, denying Petitioner's applications for asylum, withholding of removal under the Immigration and Nationality Act, and for protection under the Convention Against Torture ("CAT"), and ordered Petitioner removed to Ecuador or Honduras pursuant to Asylum Cooperation Agreements ("ACAs") between those two countries and the United States. (Pet., Ex. D.)[1] According to Respondents, Petitioner filed an appeal of that decision with the Board of Immigration Appeals ("BIA"), and as of August 25, 2026, that appeal was pending. (Return at 2.)

On August 14, 2026, Petitioner filed the Petition in this case. The Petition is not a model of clarity, but it appears to raise the following claims: (1) The retroactive application of the ACAs to Petitioner violated Petitioner's due process rights; (2) Petitioner's removal to Ecuador or Honduras is not reasonably foreseeable; (3) Petitioner's due process rights were violated by their re-detention; and (4) removing Petitioner to a third country would violate the Fifth Amendment, 8 U.S.C. § 1231, the CAT, and governing regulations. Respondents state Petitioner is not subject to a final removal order in light of the pending appeal before the BIA, therefore the Petition fails to state a claim and should be denied.

The Court agrees with Respondents that if Petitioner's removal order is not final, which appears to be the case, then Petitioner is not entitled to relief based on claim two. Respondents fail to address Petitioner's other claims, however, particularly the third claim concerning Petitioner's re-detention. The facts underlying that claim are sparse, but they reflect Petitioner has been detained for over a year, and there is no evidence Petitioner has received a bond hearing during that time. On those facts, and given Respondents' failure to address this claim, the Court grants the Petition.

---

[1] It is unclear why Petitioner was not ordered removed to Peru, especially when Petitioner's applications for asylum, withholding of removal, and protection under the CAT were denied.

Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, Petitioner shall have the burden of proving by a preponderance of the evidence that they do not pose a danger to the community or a risk of flight if released on bond. Within twenty-one (21) days of this Order, the parties shall file a Status Report confirming Petitioner has received a bond hearing and the outcome of that hearing. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 5, 2026

Hon. Dana M. Sabraw
United States District Judge